USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/24/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Frank Hall

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

Sarrica, Frank  Shield #2255

Sgt. Cahill, James

Crim II Sai Yee Tsang #354747

Chedanan Naurang - Shield 00703
73-pct 3-Field Team

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)_

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☑ Yes    ☐ No
(check one)

13 Civ. 7315 ( )

RECEIVED
JAN 24 2014
PRO SE OFFICE

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's   Name  Frank Hall
ID#  12A0223
Current Institution  Queensboro Correctional Facility
Address  47-04 Van Dam Street
Long Island City, N.Y. 11101
5- North 23 Bottom

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1     Name  Frank Sarrica               Shield #_____
Where Currently Employed  73 Pct. Arresting Officer
Address _____

_Rev. 01/2010_                                              1

Defendant No. 2       Name _James Cahill Sgt._____ Shield #_____
                      Where Currently Employed ___73 Pct_____
                      Address _____
                      _____

Defendant No. 3       Name _Chedanan Naurang_____ Shield # _00703_
                      Where Currently Employed ___Police Officer_____
                      Address _____

**Who did what?**

Defendant No. 4       Name _Sai Yee Tsang_____ Shield # _354747_
                      _Tax_
                      Where Currently Employed _Police laboratory (Analysis Section)_
                      Address _____

Defendant No. 5       Name _The Field Team from 73 Pct that_ Shield # _WORK on 10/16/11_
                      Where Currently Employed _____
                      Address _____
                      _____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
      _73-pct, 3-Field Team_____
      _____

B.    Where in the institution did the events giving rise to your claim(s) occur?
      _____

C.    What date and approximate time did the events giving rise to your claim(s) occur?
      _October 16th 2011 at approximately 8:45pm inside of_
      _1801 pitkin Ave on the second floor apartment A5._
      _____

**What happened to you?**

D.    Facts: _See Attached is the Next page._
      _____
      _____
      _____

See

Attached

| Was anyone else Involved? |
| --- |

| Who else saw what happened? |
| --- |

### III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

N/A

### IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes __X__   No ____

*Rev. 01/2010*                                            3

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

CERTIFICATE OF DISPOSITION
NUMBER:   448884

THE PEOPLE OF THE STATE OF NEW   YORK
                    VS

HALL,FRANK
Defendant

04/27/1969
Date of Birth

1801 PITKIN AVENUE
Address

5601639L
NYSID Number

BROOKLYN            NY   11212
City              State   Zip

10/16/2011
Date of Arrest/Issue

Docket Number: 2011KN082536

Summons No:

220.03
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|-------------|-------|------|
| 05/02/2012 | DISMISSED - MOTION OF DA | WILSON,J | AP2 |

**SEALED**

pursuant to Section 160.50 of the CPL

**NO FEE CERTIFICATION**

_ GOVERNMENT AGENCY         _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE   _ ACCUSATORY INSTRUMENT   _ DOCKET BOOK/CRIMS   _ CRC3030[CRS963]

      I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

WINDSOR,L
COURT OFFICIAL SIGNATURE AND SEAL

08/13/2013
DATE        FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
        SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)



**CRIMINAL COURT OF THE CITY OF NEW YORK**
120 SCHERMERHORN STREET
BROOKLYN, N.Y. 11201
(347) 404-9400

**N P R**

Dear Sir/Madam:

The requested docket number(s)

2011KN082536

DOCKET # _____   Hall, Frank   NAME _____

DOCKET # _____   NAME _____

is (are) sealed under Section 160.50/720 of the Criminal Procedure Law.  You must submit one of the following to receive a Certificate of Disposition:

   A)  A notarized letter from the defendant granting us permission to unseal the case(s), and stating to whom it should be released. You may use this letter by notarizing the bottom, OR

   B)  An Unsealing Order from a Supreme Court Justice.

*PLEASE RETURN THIS LETTER WITH YOUR REQUEST AND ONE OF THE ABOVE.*

_____
CENTRAL CLERK'S OFFICE

I, **Frank Hall**, as the defendant, hereby authorize this (these) docket(s) to be *unsealed* for the purpose of issuing a Certificate of Disposition or obtaining copies of any pertinent court documents.  Kindly furnish **Frank Hall** or bearer with a Certificate of Disposition or any other court document(s) for the above-referred docket(s).

_____
Defendant's Signature

STATE OF **New York** COUNTY OF **Orange** S.S. # _____

On **8/1/13**, before me personally came and appeared **Frank Hall**, to me known and known to me to be this individual described and who executed the foregoing instrument and who duly acknowledged to me that he/she executed the same.

_____
NOTARY PUBLIC

**WILLIAM FENDORAK**
**Notary** Public, State of New York
No. 01FE6257145
Qualified in Orange County
Commission Expires March 5, 20__

## DESIGNATION PURSUANT TO CPL 160.50(1)(D) OF PERSON TO WHOM SEALED RECORDS SHALL BE MADE AVAILABLE

I, ___Frank Hall___, date of birth _4/27/69_, pursuant to section 160.50(1)(d) of the New York Criminal Procedure Law, hereby designate the New York City Civilian Complaint Review Board or an authorized representative thereof, as my agent to whom records, transcripts, and certificates of disposition of the criminal action terminated in my favor, entitled People v. ___Frank Hall___, under docket number _2011 KN 082536_, in the Criminal Court of the City of New York, County of New York, shall be made available.

I understand that until now, the aforesaid records have been sealed pursuant to CPL 160.50, which permits those records to be made available only to persons designated by me or to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL 160.50.

The records to be made available to the person designated above should comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL 160.50.

_Frank Hall_
Signature

Sworn to before me on the

_18th_ day of _July_, 200_2_

_Brent L. Rogers_
Commissioner of Deeds

BRENT L. ROGERS
Notary Public in the State of New York
Qualified in Madison County 01RO6202020
My Commission Expires March 9, 20 _13_

ENCL. _24 M_



## Interview Details

On July 3, 2012, Frank Hall was interviewed via telephone. Mr. Hall is currently incarcerated at Marcy Correctional Facility in Marcy, NY. The interview began at 10:44 a.m. and concluded at 11:12 a.m.

Mr. Hall was 43 years old at the time of this incident. Mr. Hall is a black male with a shaven bald head, a mustache, and brown eyes. He is 5'9" tall and weighs 207 pounds. Mr. Hall has tattoos on his neck, both arms, and both legs, and scar from a bullet wound behind one of his ears.

### CCRB Statement

On October 16, 2011 at approximately 8:45 p.m., Mr. Hall was returning to his home at 1801 Pitkin Avenue in Brooklyn. Mr. Hall saw that the police were outside of his building and had two unidentified males under arrest. There were five officers in plainclothes and two black unmarked cars and an unmarked van. The officers put the two men into the police van. Mr. Hall did not know the two men that got arrested, but recognized them from being among the people that frequently get high in the hallways of his building.

Mr. Hall walked past the scene and went upstairs to his apartment, # A5. Mr. Hall was alone and did not have any interaction with the officers or the two individuals that had been arrested. Mr. Hall did not interact with any other civilians outside of his building. Mr. Hall had lived at 1801 Pitkin Avenue, Apt. A5 since June 15, 2011. Mr. Hall described his building as a five floor apartment building, with six apartments to a floor. Mr. Hall's apartment is on the second floor. All of the other apartments on Mr. Hall's floor are occupied.

Mr. Hall is familiar with all of his neighbors. There had never been any incidents with any of his neighbors, noise complaints, or disputes since he began living at the location. Mr. Hall used to clean the building and described his relationship with the other tenants as "wonderful." The police have responded to Mr. Hall's building numerous times and made narcotics related arrests.

Mr. Hall entered his apartment, got undressed, and fixed himself something to eat. Mr. Hall did not have any visitors and did not make any phone calls. After approximately ½ hour, Mr. Hall heard a knock at his door. Mr. Hall went to the door and asked who was there and saw that a hand was covering the peep hole. Mr. Hall asked the person to put their hand down so he could see who it was. A woman, identified by Mr. Hall only as "Baby Girl," said, "It's me." No one outside of the door identified themselves as the police.

Mr. Hall stated that he met Baby Girl when he first moved in to the building, but had no history with her. Baby Girl does not live in the building, but is among the individuals that frequently gets high in the hallways. Mr. Hall has seen Baby Girl get arrested in the past, but could not remember any specific dates. Baby Girl was described as a dark-skinned black female, approximately 5'5" to 5'6" tall, slim build, with short black hair, and 38-39 years old. Mr. Hall stated that Baby Girl works as a Home Attendant.

Mr. Hall opened the door and four plainclothes officers (PO1-PO4) rushed into the apartment and started searching. Mr. Hall asked, "What are you looking for." The officers replied, "Where are the drugs?" Mr. Hall informed the officers that there were no drugs in his apartment and that he had just returned from his program. Mr. Hall asked if the officers had a warrant to which PO1 replied, "My badge is my warrant."

PO1, identified by Mr. Hall as PO Frank Sarrica, was described as a white male, approximately 5'9" tall, medium build, with straight/curly brown hair, and in his forties. PO2 was described as a white male, approximately 6'0" tall, chubby/big-boned build, with a full beard, and in his forties. PO3 was described as a white male. PO4 was described as a black male, approximately 6'0" tall, slim build, and in his thirties. These four officers were the same officers Mr. Hall saw earlier in front of his building.

# Interview Details

Mr. Hall insisted that there were no drugs in the apartment and that he had just come back from his program. PO Sarrica accused Mr. Hall of lying and stated that the officers had been watching him. Mr. Hall again said he just came from his program and saw that they had two people locked up downstairs. PO Sarrica said, "Didn't I tell you to stop lying?" PO Sarrica then threw Mr. Hall to the floor and placed him in handcuffs.

The officers then searched through Mr. Hall's dresser drawers, his DVDs, in his kitchen, his bathroom, emptied his closet, and flipped the bed over. Nothing was recovered as a result of the search at this time. Mr. Hall described his apartment as a studio, so he was able to see everything while he was lying on the floor in handcuffs.

Mr. Hall was then brought out into the hallway where he saw Baby Girl laughing. The officers then had Baby Girl go into the apartment while PO2 held Mr. Hall in the stairwell. Mr. Hall did not have line of sight into his apartment at this time, but could hear the officers searching his apartment. PO Sarrica, PO3, and PO4 were in Mr. Hall's apartment, with Baby Girl, for approximately forty-five minutes. Mr. Hall asked PO2, if the officers needed a warrant to search his apartment. PO2 said, "We don't need a warrant, we have a badge."

Mr. Hall then heard PO Sarrica say, "Yeah, we got him." PO Sarrica emerged from the apartment with a glass pipe and placed it in a manila envelope. Mr. Hall denied that he had a glass pipe in the apartment. The officers did not indicate to Mr. Hall where they found the pipe. However, when Mr. Hall was brought to court, the officers said they found the pipe in the stairwell.

Mr. Hall was only wearing his underwear and a t-shirt at this time. One of the officers brought Mr. Hall some clothes, removed the handcuffs, and allowed him to get dressed. Mr. Hall was then handcuffed again and brought down to the same van where the other two males were being held. Mr. Hall again confirmed that he had no relationship with the two males. PO5, who had remained outside with the prisoner van, was described as a white male. PO5 never went into Mr. Hall's apartment. There were no other officers at the location.

Mr. Hall and the other two males were transported to the 73rd Precinct stationhouse. Mr. Hall was placed in a separate holding cell than the other two males. Mr. Hall was charged with PL 220.03 (criminal possession of a controlled substance). Mr. Hall did not know what the other two males were charged with. Mr. Hall was given McDonalds and then transported to Rikers Island.

On May 2, 2011, Mr. Hall's case was dismissed.

Sworn before me on
18th July 2012

Frent L. Rogers

BRENT L. ROGERS
Notary Public in the State of New York
Qualified in Madison County 01RO6202020
My Commission Expires March 9, 20 13



**THE CITY OF NEW YORK**
**OFFICE OF THE COMPTROLLER**
**CLAIMS AND ADJUDICATIONS**
**1 CENTRE STREET  ROOM 1200**
**NEW YORK, N.Y.  10007-2341**

WWW.COMPTROLLER.NYC.GOV

Michael Aaronson
Chief, Bureau of Law and
Adjustment

015 - 151

**John C. Liu**

**COMPTROLLER**

Date:       12/14/2011
Claim No:  2011PI040415
RE:         Acknowledgment of Claim

FRANK HALL c/o JOSEPH INDUSI
177 LIVINGSTON STREET 5TH FL
BROOKLYN, NY 11201

Dear Claimant:

   We acknowledge receipt of your claim, which has been assigned the claim number shown above. Please refer to this claim number in any correspondence or inquiry you may have with our office.

   We will do our best to investigate and, if possible, settle your claim. However, if we are unable to resolve your claim, **any lawsuit against the City must be started within one year and ninety days from the date of the occurrence**.

   If you have any questions regarding your claim, you may contact us at either 212-669-8750 for property damage claims or 212-669-4445 for claims involving personal injury.

Sincerely,
Michael Aaronson

RECEIVED
CITY OF NEW YORK
2011 DEC 13 AM 9:07
CENTRAL IMAGING FACILITY
BUR. INFORMATION SYSTEM

2011 DEC -9 PM 1:44

## NOTICE OF CLAIM

In the Matter of the Claim of

### Frank Hall

-against-

### THE CITY OF NEW YORK

TO: THE CITY OF NEW YORK

    PLEASE TAKE NOTICE, that the undersigned claimant hereby makes claim and demand against The City of New York as follows:

    **1. The name and post-office address of claimant and claimant's attorney is:**

Frank Hall
1801 Pitkin Avenue, Apt. 5A
Brooklyn, NY 11212

Joseph Indusi
Brooklyn Defender Services
177 Livingston Street, 5th Fl.
Brooklyn, NY 11201
718-254-0700, Ext. 267

    **2. The nature of the claim is:**

    To recover damages for injuries sustained by claimant as a result of the negligence, recklessness, and intentional conduct (including assault, battery, false arrest, malicious prosecution, violation of 4th Amendment rights) of the City of New York, its agents, servants and/or employees, including but not limited to agents, servants and/or employees of the New York City Police Department. Claim is also made for negligent hiring, retention, and training of agents, servants and/or employees of the City of New York, including but not limited to the aforesaid police officers.

    Claim is also made under 42 USC §§ 1981, 1983 and 1985 for deprivation of claimant's civil rights under color of state law.

ENCL. 22E

**3. The time when, the place where and the manner in which the claim arose:**

The claim arose on or about October 16, 2011 in 1801 Pitkin Avenue, Apt. 5A, Brooklyn, NY 11212. At the aforesaid time and place, Det. Frank Sarrica, shield number 225, of Squad 73, and members of Field Team 73-3 unlawfully entered the above premises without a warrant, placed the Claimant under arrest after planting a Controlled Substance (Cocaine Residue) on the Claimant.

**4.  The items of damage and injuries claimed are:**

Claimant was forcibly placed under arrest, and has subsequently been incarcerated at Rikers Island, as well as suffering emotional and psychological injuries, conscious pain and suffering and lost earnings, sustaining damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

The undersigned claimant therefore presents this claim for adjustment and payment.  You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim.

Dated:  New York, New York
        December 8, 2011


                                   JOSEPH INDUSI
                                   Attorney for Claimant
                                   Brooklyn Defender Services
                                   177 Livingston Street, 5th Fl.
                                   718-254-0700, Ext. 267


ENCL. 22F

## VERIFICATION

JOSEPH INDUSI, an attorney duly admitted to practice law in the State of New York, hereby affirms the following, under penalty of perjury:

That I am the attorney for the claimant in the within Claim.

That I have read the foregoing Notice of Claim and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be upon information and belief; and as to those matters I believe it to be true.

That the reason this verification is made by your affirmant and not by the claimant is that claimant is currently incarcerated at Rikers Island and does not, therefore, reside in the County where your affirmant maintains his office.

That the grounds for your affirmant's belief as to all matters not stated upon my knowledge are as follows: records, reports, facts and documents contained in claimants' file maintained by your affirmant's office, as well as statements by claimant.

Dated:  Brooklyn, New York
        December 9, 2011

                                        JOSEPH INDUSI, Esq.

ENCL. _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

73 - pct

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No __✓__   Do Not Know _____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No __✓__   Do Not Know _____

If YES, which claim(s)? _____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No __✓__

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No __✓__

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____ N/A _____

1.   Which claim(s) in this complaint did you grieve?   N/A
_____

2.   What was the result, if any?   N/A
_____

3.   What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____ N/A _____

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:
( It happen with the 73 pct Field Team )

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_I filed Notice of Claim against the City of New York._

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_N/A_

**Note:** You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _I want the Court have the Officer of the Field Officer from the 73 pct to pay for the lost of my property and pay me $1,000,000.00 in this matter_

_My furniture, 2-T.V. Cable Box, Jewelry, my dog And money that I put away for an emergency $1500.00 dollar, Food, Clothes, Shoe, Sneakers, Eyeglass Hearing Aids also - etc._

_____
_____
_____
_____

**VI.     Previous lawsuits:**

<table>
<tr><td>On these claims</td></tr>
</table>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _X__

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

     1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

     2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.     Docket or Index number _____

_____ 4.     Name of Judge assigned to your case _____

     5.     Approximate date of filing lawsuit _____

     6.     Is the case still pending?  Yes _____   No _____

        If NO, give the approximate date of disposition_____

     7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<table>
<tr><td>On other claims</td></tr>
</table>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _X__

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

     1.     Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

     2.     Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.     Docket or Index number _____

_____ 4.     Name of Judge assigned to your case _____

     5.     Approximate date of filing lawsuit _____

*Rev. 01/2010*                                    6

6.   Is the case still pending?  Yes _____  No _X_

If NO, give the approximate date of disposition_____

7.   What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of __Jan.___, 20_14_.

Signature of Plaintiff      Frank Hall

Inmate Number            12 A0223

Institution Address        Queensboro Correctional Facility
47-04 Van Dam Street
Long Island City, N.Y. 11101
5 North, 23 Bottom

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of __Jan.___, 20_14_, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:      _Frank Hall_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: December 23, 2013
```

FRANK HALL,

                      Plaintiff,

        -against-

SARRICA, FRANK – SHIELD #2255;
SGT. CAHILL, JAMES;
CRIM II SAI YEE TSANG #354747;
73PCT – 3 FIELD TEAM;
CHEDANAN NAURANG – SHIELD #00703,

                      Defendants.

13 Civ. 7315 (PGG)

**ORDER OF SERVICE**

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff, Frank Hall, currently incarcerated in the Otisville Correctional Facility,

brings this pro se action under 42 U.S.C. § 1983, alleging violations of his constitutional rights.

Plaintiff sues employees of the New York City Police Department ("NYPD"). By order dated

November 19, 2013, the Court granted Plaintiff's request to proceed in forma pauperis.

        The Complaint arises from Plaintiff's arrest at his apartment, Apt. A5, 1801 Pitkin

Avenue, in Brooklyn, New York, on October 16, 2011, at approximately 9:15 p.m. (Cmplt.)

Plaintiff has identified by name four of the five named defendants, including three of the four

police officers who entered his apartment and placed him under arrest.

        Under Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), a pro se litigant is entitled

to assistance from the district court in identifying a defendant. Valentin, 121 F.3d 76. Given

that the Complaint is specific as to date, time and place, and as to the identity of three of the four

police officers on the scene, it appears that Plaintiff has supplied sufficient information to permit

the NYPD to identify the remaining unidentified defendant police officer from the 73rd Precinct.

It is therefore ordered that the Corporation Counsel of the City of New York – who is the attorney for, and agent of, the NYPD – ascertain the identity of the remaining defendant referenced in the Complaint, as well as the address where that defendant may be served. The Corporation Counsel shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the unidentified defendant. The amended complaint will replace, not supplement, the original complaint. An amended civil rights complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Clerk of Court will, if necessary, send instructions to Plaintiff to effect service on the newly identified defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

To allow Plaintiff, who is proceeding in forma pauperis, to effect service on Defendants Sarrica, Cahill, Tsang, and Naurang through the U.S. Marshals Service, the Clerk of Court is instructed to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. Within thirty days of the date of this order, Plaintiff must complete a USM-285 form for each of those defendants and return those forms to the Court.

If Plaintiff does not wish to use the Marshals Service to effect service, he must notify the Court in writing within thirty days of the date of this order and request that a summons be issued directly to him. If within thirty days Plaintiff has not returned the USM-285 forms or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

2

Upon receipt of each completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants Sarrica, Cahill, Tsang, and Naurang.

No matter what method of service Plaintiff chooses, he must effect service within 120 days of the date the summons is issued. It is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and, if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). If within 120 days of issuance of the summons Plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute. Finally, it is Plaintiff's obligation to promptly submit a written notification to the Court if his address changes, and the Court may dismiss the action if he fails to do so.

The Clerk of Court shall serve a copy of this order and the complaint on the Corporation Counsel of the City of New York at 100 Church Street, New York, New York 10007.

Dated: New York, NY
      December 23, 2013

SO ORDERED.

_Paul G. Sardephe_

Paul G. Gardephe
United States District Judge

3

Date 1/19/14

To: Clerk
United States District Court
Southern District of New York
The Daniel Patrick Moynihan United
States Court house
500-Pearl Street
New York, N.Y. 10007-1312

Greetings, my name is Frank
Hall 12A0223, I am incarceration at Queensboro
Correctional Facility, 47-04 Van Dam St. Long Island
City, New York 11101-3081

Yes, I would like to inform
you that I am trying my best to fill out that
paper work you sent to me it's very hard
for me because I have a 5 grade reading
level some thing I don't under stand I need
help because I go to law library here at
Queensboro Correctional Facility they don't have the
address of any police address no works in
the law library to help me so I don't know
what to do I need a law to help me
because you tell me I have 30 days to
send back the paper work you sent to me,
I try my best and I am trying to
get the address to 73 pct I can not get it
they don't have it in the law library. Can you
please give me somebody to help and I go home
Feb 5, 2012. from Queensboro Correctional Facility. I
am sent you some of papers

Thank You

Frank Hall

CC,

QUEENSBORO
CORRECTIONAL
FACILITY

...ORRECTIONAL FACILITY
...AM STREET
...ND CITY, NEW YORK  11101-3081

...E: Frank Hall          DIN: 12A0223
5 North 23 Bottom

USA FOREVER   USA   FOREVER

Clerk
To: United States ... Court
Southern Distri... ... York
The Daniel Patrick Moynihan United
States Courthouse
500 - Pearl st...
New York, N.Y. 10007-1312

Legal Mail